**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Civil Action Number:**

JESUS GONZALEZ

      Plaintiff,

vs.

BAPTIST HEALTH SOUTH FLORIDA
FOUNDATION, INC., d/b/a
Baptist Medical Center at 6200 SW 72 Street,

      Defendant.

                               /

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez, by and through his undersigned counsel, hereby sues Defendant Baptist Health South Florida Foundation, Inc. doing business as Baptist Medical Center at 6200 SW 72 Street, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.    Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

## PARTIES

3.    Plaintiff Jesus Gonzalez is a resident of the state of Florida and

a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA and ADAAG.

4.      South Miami Hospital Development Fund, Inc. is the registered owner of Folio 09-4036-040-0131, which is a commercial real property located at 6200 SW 72 Street, Miami Florida 33143 which is the subject of this complaint. In 1991, South Miami Hospital Development Fund, Inc was merged with Baptist Health South Florida Foundation, Inc. such that Baptist Health South Florida Foundation, Inc. has become the owner of Folio 09-4036-040-0131, the subject of this instant action.  Since Baptist Health South Florida Foundation, Inc. is the owner of the commercial property built out as the Baptist Medical Center, Baptist Health South Florida Foundation, Inc. is the Defendant of this instant action.

**FACTS**

5.      At all times material hereto, Baptist Health South Florida Foundation, Inc. (Defendant) was (and is) a company owning and operating commercial real property built out as the Baptist Medical Center. The Baptist Medical Center is open to the public; therefore, it is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined under 42 U.S.C. §12182, §12181(7)(F) and 28 C.F.R. §36.104(6).

6.      As the owner and operator of the Baptist Medical Center building which is open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III 42 U.S.C. §12182, §12181(7)(F); 28 C.F.R. §36.104(6).

7.     Due to the fact that Plaintiff's medical providers are located at the Baptist Medical Center at 6200 SW 72 Street, on September 28, 2021 Plaintiff went to the Baptist Medical Center for personal medical reasons.

8.     While Plaintiff was at the Baptist Medical Center, he went to the restroom and while in each of the restrooms on the third and fourth floors, Plaintiff met multiple areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair.

9.     Due to the inaccessible restroom facilities, Plaintiff has been denied full and equal access to, and full and equal enjoyment of the Baptist Medical Center. As a consequence, when Plaintiff felt excluded, humiliated and dejected.

10.     As an investor in commercial property and in medical facilities in general, Defendant is well aware of the ADA and the need to provide for equal access in all areas of its Baptist Medical Center 6200 SW 72 Street commercial property. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that the Baptist Medical Center is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

11.     This discrimination resulted in Defendant denying Plaintiff full and equal access to, and full and equal enjoyment of, the Baptist Medical Center at 6200 SW 72 Street, which is the subject of this lawsuit.

12.     As a result of Defendant's discrimination, Plaintiff has suffered loss of dignity, mental anguish, and other tangible injuries and has suffered an injury-in-fact.

13.     Plaintiff will continue to patronize the Baptist Medical Center at 6200 SW 72 Street to access his medical providers, but he continues to be injured in that he continues to

be discriminated against due to the barriers to access within that place of public accommodation which are in violation of the ADA.

14.     Any and all requisite notice has been provided.

15.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

16.     The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

17.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide clear, strong, consistent, enforceable standards addressingdiscrimination against individuals with disabilities; and,

(iii)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

18.     Prior to the filing of this lawsuit, Plaintiff personally visited the Baptist Medical Center at 6200 SW 72 Street, but because Plaintiff perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access due to barriers to access which could have been removed if Defendant had followed Americans with Disabilities Act

4

Accessibility Guidelines (AADAG) and insured its store was in compliance with ADAAG guidelines. Because Defendant failed to remove these barriers to access, Plaintiff has been denied adequate accommodation and has suffered an injury in fact.

19.     Defendant has discriminated (and continues to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at its 6200 SW 72 Street medical center location, in derogation of 42 U.S.C. §12101 *et seq.*., and as prohibited by 42 U.S.C. §12182 *et seq.*. by failing to remove access barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

20.     Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to, and the benefits of, all the accommodations and services offered at the Baptist Medical Center at 6200 SW 72 Street.

21.     Defendant is governed by the ADA and must be in compliance therewith. However, Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

22.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

23.     Defendant's 6200 SW 72 Street commercial property and the Baptist Medical Center operated therein is in violation of 42 U.S.C. §12181 *et seq.*., the ADA and 28 C.F.R.

§36.302 *et seq.,* and Defendant is discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations at the public restroom on the third floor of the Baptist Medical Center:

i. Plaintiff had difficulty opening the restroom door, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open. This is violative Section 4.13.11 of the ADAAG, the door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. This is also violative of the 2010 ADA Standards for Accessible Design: Section 404.2.7 states that operable parts on doors and gates must comply with Section 309.4, and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum.

ii. Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch. This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG, and Section §604.8.1.2 of the 2010 ADA Standards for Accessible Design.

iii. Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not have the required clearance as the seat cover dispenser is mounted over the side wall grab bar which infringes on the required space. Wall-mounted objects, such as seat cover dispensers, can interfere with the use of grab bars if placed above grab bars which is a violation of Section 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards for Accessible Design which states that the space between the

grab bar and projecting objects below and at the ends shall be 1½ inches (38 mm) minimum, and the space between the grab bar and projecting objects above shall be 12 inches (305 mm) minimum.

iv.    Plaintiff could not use the lavatory sink inside the stall without assistance, as the lavatory sink does not provide knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection.  The appropriate knee clearance must be at least 27" (685 mm) high, 30" (760 mm) wide, and 19" (485 mm) deep underneath the sink. This failure is in violation of 28 C.F.R. Part 36, Sections 4.24.3, 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

v.    Plaintiff was exposed to a cutting/burning hazard at the lavatory sink because it does not have fully wrapped bottom sink pipes, hence, proper insulation protecting users of that sink against the plumbing pipes under the sink and/or countertop. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

vi.    Plaintiff could not use the lavatory mirror inside the stall, as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design which states that  mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground and mirrors not located above lavatories

or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

vii. Plaintiff had difficulty exiting the restroom without assistance, as the required maneuvering clearance is/was not provided due to the trash bin encroaching over the maneuvering clearance on the pull side of the door. This is a violation of Section 4.13.6 of the ADAAG which states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear.  The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.   This is also a violation of Section 404.2.4 of the 2010 ADA Standards for Accessible Design which states that minimum maneuvering clearances at doors and gates shall comply with (the table at) 404.2.4; in this instance, the encroaching trash bin is in violation of the minimum required maneuvering clearances.

24.     Further, Defendant is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations at the public restroom on the fourth floor of the Baptist Medical Center:

i.   Plaintiff had difficulty opening the restroom door without assistance, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open.  This is violative Section 4.13.11 and other sections of the ADAAG as the door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. This is also a violation of Section 404.2.7,

Section 309.4, Section 404.2.9 and Section 404.2.8.1 of the 2010 ADA Standards for Accessible Design.

ii.      Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch.  This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG, and Section §604.8.1.2 of the 2010 ADA Standards for Accessible Design.

iii.     Plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design which states that toilet compartment doors shall be self-closing.  This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG. Section 4.17.5 states that toilet door hardware must comply with Section 4.13, and Section 4.13.10 which states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

iv.     Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not have the required clearance as the seat cover dispenser is mounted over the side wall grab bar which infringes on the required space. Wall-mounted objects can interfere with the use of grab bars if placed above grab bars which is a violation of Section 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards for Accessible Design which states that the space between the grab bar and projecting objects below and at the ends shall be 1½ inches (38 mm) minimum, and the space between the grab bar and projecting objects above shall be 12 inches (305 mm) minimum.

v.    Plaintiff could not use the lavatory sink inside the stall without assistance, as the lavatory sink does not provide knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection.  The appropriate knee clearance must be at least 27" (685 mm) high, 30" (760 mm) wide, and 19" (485 mm) deep underneath the sink. This failure is in violation of 28 C.F.R. Part 36, Sections 4.24.3, 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

vi.   Plaintiff could not use the lavatory mirror inside the stall, as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design which states that  mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground and mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

vii.  Plaintiff had difficulty exiting the restroom without assistance, as the required maneuvering clearance is/was not provided due to the trash bin encroaching over the maneuvering clearance on the pull side of the door. This is a violation of Section 4.13.6 of the ADAAG which states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear.  The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.   This is also a violation of Section 404.2.4 of the 2010 ADA

Standards for Accessible Design which states that minimum maneuvering clearances at doors and gates shall comply with (the table at) 404.2.4; in this instance, the encroaching trash bin is in violation of the minimum required maneuvering clearances.

25.     Pursuant to the ADA, 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendant is required to insure that its commercial property and home improvement store located therein are accessible to persons with disabilities since January 28, 1992.  Defendant has failed to comply with this mandate.

26.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter its commercial property and home improvement store located therein such that it is readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant Baptist Health South Florida Foundation, Inc. and requests the following relief:

a)     The Court declare that Defendant has violated the ADA;

b)     The Court enter an Order directing Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c)     The Court enter an Order requiring Defendant to alter the Baptist Medical Center at 6200 SW 72 Street such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d)     The Court award reasonable costs and attorneys fees; and

e)      The Court award any and all other relief that may be necessary and appropriate.

Dated this 8th day of November, 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*